# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERIC R. WISE,

        Plaintiff,

v.                                          Case No. 07-C-1150

KENOSHA COUNTY SHERIFF, NURSE JMW,
NURSE JM, NURSE DV, JAIL MEDICAL DIRECTOR,
CORPORAL KAISER, CORPORAL REID,
OFFICER DEG, OFFICER MAS, UNKNOWN NURSE,
UNKNOWN OFFICER, and JAIL CAPTAIN,

        Defendants.

# ORDER

Plaintiff, Eric Wise, a prisoner currently confined at the Cumberland Federal Correctional Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated when he was confined in the Kenosha County Jail (KCJ). The plaintiff has moved for leave to proceed *in forma pauperis* and has filed a motion to obtain names of defendants.[1] Both of these motions will be addressed below.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to

---

[1] The plaintiff has actually filed two motions for leave to proceed *in forma pauperis*: one on December 26, 2007, and another on January 7, 2008.

proceed *in forma pauperis* and return it to the court with a certified copy of his trust account statement showing transactions for the prior six months. 28 U.S.C. § 1915(a)(2). The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in his trust account for the six-month period immediately preceding the filing of the complaint. *Id.*

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. In accordance with this court's order of January 11, 2007, the plaintiff has paid the initial partial filing fee of $29.13. Therefore, he will be allowed to proceed *in forma pauperis*.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir.

1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged

to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The complaint identifies twelve defendants, ten of which are not identified by name.[2] The plaintiff also lays out the following eight claims: (1) an Eighth Amendment medical care claim based on the refusal by jail medical staff to provide Wise with necessary medication for his depression and anxiety; (2) an Eighth Amendment conditions of confinement claim based on overcrowding and lack of recreation; (3) an access to the courts claim based upon Wise being deprived of legal material and the opportunity to use the law library; (4) a First Amendment free exercise clause claim based upon Wise being denied the ability to attend church services and to receive religious study material; (5) a claim under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, based upon the plaintiff being denied the ability to attend church services and to receive religious study material; (6) a claim that the plaintiff was retaliated against for using the prison grievance process in connection with his medical care claim; (7) a Fourteenth Amendment substantive due process claim based on the harsh prison conditions; and (8) a Fourth Amendment procedural due process claim based on the plaintiff's placement in "high security" despite not having a history of violence. Aside from alleging that "Jail Medical Staff responded to [his] serious medical need with

---

[2] Four of the twelve defendants are identified only by their initials, the rest are either referred to as "unknown" defendants or by the position which he or she held at the KCJ.

deliberate indifference and callous indifference," the plaintiff has not made it clear which of the defendants are alleged to have been personally involved with each of the alleged acts or omissions which form the basis for his claims.

Based on the court's reading of plaintiff's complaint, it appears that Wise is attempting to improperly bring unrelated claims in a single case. As instructed by the Court of Appeals in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), under the controlling principle of Rule 18(a), Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *Id.* at 607. Specifically, Rule 18(a) provides that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Moreover, the Court of Appeals in *George* reminded district courts that Rule 20, Federal Rules of Civil Procedure, applies as much to prisoner cases as it does to any other case. *Id.* Under that rule, joinder of multiple defendants into one action is proper only "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or

- 5 -

series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."

This court finds that plaintiff's complaint violates Rules 18 and 20 insofar as it advances medical care claims against medical personnel at the Kenosha County Jail and a host of other unrelated claims against the remaining defendants. The *George* court instructed that such "buckshot complaints" should be "rejected." *Id.* Therefore, the court will strike the original complaint submitted on December 26, 2007. The plaintiff will be allowed to file an amended complaint in this case incorporating only properly related claims. Any unrelated claim not pursued in this case must be brought in a separate action. The plaintiff should carefully consider the claims which he intends to pursue in this case because in a multi-claim, multi-defendant suit, each claim will be evaluated for the purpose of 28 U.S.C. § 1915(g). When any claim in a complaint is frivolous, malicious or fails to state a claim upon which relief can be granted, the plaintiff will incur strikes. *See George*, 507 F.3d at 607.

Plaintiff is advised that because an amended complaint supercedes a prior complaint, any matters not set forth in the amended complaint are then, in effect, withdrawn. *See Duda v. Board of Ed. Of Franklin Park Public School District No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). If the plaintiff files an amended complaint, it will become the operative complaint in this action and be screened by the court in accordance with 28 U.S.C. § 1915A.

Further, the plaintiff is advised that "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* Thus, with respect to any claim or claims advanced in his amended complaint, the plaintiff must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights.

Finally, because the plaintiff's complaint will be stricken, the plaintiff's motion to obtain the names of the defendants identified in the complaint will be denied, as moot.

Accordingly,

**IT IS ORDERED** that the plaintiff's motions for leave to proceed *in forma pauperis* (Docs. #2 and #5) be and the same are hereby **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's "Motion to Obtain Names of Defendants" (Doc. #3) be and the same is hereby **DENIED,** as moot**.**

**IT IS FURTHER ORDERED** that the complaint submitted on December 26, 2007, be and the same is hereby **STRICKEN**.

**IT IS FURTHER ORDERED** that the plaintiff is directed to file an amended complaint on or before **April 7, 2008**, which contains only related claims in accordance with this decision and order.

**IT IS FURTHER ORDERED** that if plaintiff does not file an amended complaint by April 7, 2008, that complies with the requirements of Rules 18 and 20, Federal Rules of Civil Procedure, this action will be dismissed, without prejudice, for failure to prosecute.

Dated at Milwaukee, Wisconsin, this 14th day of March, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge