# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

ERIC R. WISE,

        Plaintiff,

    v.                                          Case No. 07-C-1150

DAVID BETH, CORPORAL KAISER,
CORPORAL REID, OFFICER "DEG,"
and "JAIL CAPTAIN,"

        Defendants.

---

# ORDER

Plaintiff, Eric R. Wise, a prisoner currently confined at the Petersburg Federal Correctional Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated when he was confined in the Kenosha County Jail. By decision and order dated March 14, 2008, the court permitted plaintiff to proceed *in forma pauperis*. In the same order, the court screened the complaint and determined that it violated Rules 18 and 20 of the Federal Rules of Civil Procedure by improperly bringing unrelated claims against multiple defendants in a single case. Therefore, the plaintiff's original complaint was stricken and he was directed to file an amended complaint incorporating only properly related claims. Currently before the court is the plaintiff's amended complaint, filed April 7, 2008. Also before the court is the plaintiff's request, filed May 5, 2008, that the court issue two subpoenas on his behalf.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the

Case 2:07-cv-01150-JPS   Filed 06/03/08   Page 2 of 9   Document 12

court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### Complaint Averments

Plaintiff's amended complaint, filed April 7, 2008, alleges that the five defendants obstructed his access to the courts while he was in custody at the Kenosha County Jail. Specifically, plaintiff alleges that he arrived at the Kenosha County Jail on or about May 12, 2006, and immediately "requested access to the law library and/or legal materials and/or legal computer," but his "frequent requests were all denied." (Complaint at 4.) Plaintiff claims that as a result of these denials he was prejudiced in three criminal cases as well as in this case. (Complaint at 5.) First,

-3-

plaintiff states that while at the Kenosha County Jail he was "entirely unable to research and file" a habeas petition for his federal case, *US v. Wise*. (Complaint at 7.) Plaintiff states that after he was transferred to another institution he "made a hurried attempt but there was not enough time remaining" to do proper research and as a result two federal judges "rejected [his] rushed attempts." *Id.* Second, plaintiff alleges that he was "hindered in researching matters for appeal" in his case *Texas v. Wise*, and "[a]s a result some issues may have been forfeited which should have been raised on appeal." *Id.* Third, plaintiff alleges that he was "unable to research all matters" related to his case *Wisconsin v. Wise*, and "this led to an involuntary uninformed guilty plea" and "to the Wisconsin sentence being ran consecutively to the federal sentence." *Id.* Finally, plaintiff alleges that he was delayed in filing this 42 U.S.C. § 1983 action. *Id.*

Plaintiff names five defendants who he asserts obstructed his access to the courts while he was in custody at the Kenosha County Jail: David Beth, Corporal Kaiser, Corporal Reid, "DEG", and "Jail Captain." Plaintiff alleges that his "access to the courts was denied on or about 8/11/06, 6/3/06, 7/24/06, 7/27/06 by DEG, 8/24/06 by Corporal Reid, and 8/25/06 by Corporal Kaiser," and that in addition to these dates of written denials "all requests were denied and ... access to the courts obstructed for the duration of ... confinement [at the Kenosha County Jail]." (Complaint at 4-5.) Plaintiff also alleges that defendant David Beth is the sheriff of Kenosha County and that defendant "Jail Captain" is the "chief officer" of the

-4-

Kenosha County Jail, and that both individuals are "legally responsible for written or unwritten policies, customs, procedures, rules, etc. and the overall operation of the jail...."  (Complaint at 2-3.)

## Analysis of Access to the Courts Claim

The plaintiff claims that the defendants denied him adequate access to the courts while he was incarcerated at the Kenosha County Jail.  Prisoners have a due process right of access to the courts and must be given a reasonably adequate opportunity to present their claims.  *Bounds v. Smith*, 430 U.S. 817, 825 (1977). This right "requires prison authorities to assist inmates in preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  *Id.* at 828.  A prisoner states a claim for denial of access to the courts if he alleges that the "denial of access to legal materials caused a potentially meritorious claim to fail."  *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).  *See also, Pratt v. Tarr*, 464 F.3d 730 (7th Cir. 2006) (holding that there is no heightened-pleading requirement for claims of denial of access to the courts, and that prisoner stated a claim by alleging that defendants withheld law books and other materials and as a result prisoner lost certain court cases).  The plaintiff alleges that all of his requests to use the law library or other legal materials were denied while he was incarcerated at the Kenosha County Jail, and that he was, therefore, unable to adequately research a habeas petition that was later rejected in his federal case, and that his inability to conduct legal research while

-5-

at the Kenosha County Jail also caused him to receive a consecutive rather than concurrent sentence in his Wisconsin case. The court concludes that the plaintiff has stated an access to the courts claim.

## Plaintiff's Request for Subpoenas

By letter dated filed May 5, 2008, the plaintiff requests that the court "sign, stamp, or do whatever it is that you do" two enclosed subpoenas in this case. The plaintiff's proposed subpoenas would command the Kenosha Police Chief to produce "reports, written statements, and all documents involving possible misconduct by former Detective Ric. T. Bentz" and the Kenosha County Probation Office to produce the presentence report for his case *Wisconsin v. Eric Wise*, 03CF844.

Federal Rule of Civil Procedure 45 governs subpoenas, both for discovery purposes and for hearing or trial. The defendants, who have not yet been served, have not answered the complaint, and no scheduling order has been issued. Thus, any request for the issuance of a subpoena is premature and the plaintiff's request will be denied.

Once the plaintiff effects service upon the defendants, the court will impose a scheduling order. The scheduling order will set deadlines for the completion of discovery and for filing dispositive motions. The plaintiff is reminded that, pursuant

-6-

to Federal Rule of Civil Procedure 37 and Civil Local Rule 37.1 (E.D. Wis.),[1] he must attempt to conduct discovery directly with the relevant parties, and without involvement of the court.

Accordingly,

**IT IS ORDERED** that the United States Marshal shall serve a copy of the April 7, 2008 amended complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided at 28 U.S.C. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that the plaintiff's "Request for Subpoenas" be and the same is hereby **DENIED**.

---

[1] Civil Local Rule 37.1 provides:

All motions for discovery pursuant to Fed. R. Civ. P. 26 through 37 must be accompanied by a written statement by the movant that, after personal consultation with the party adverse to the motion and after sincere attempts to resolve their differences, the parties are unable to reach an accord. The statement must also recite the date and time of such conference and the names of all parties participating in it.

-7-

**IT IS FURTHER ORDERED** that Petersburg Federal Correctional Institution shall collect from the plaintiff's prison trust account the $320.87 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the Warden of the Petersburg Federal Correctional Institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 3rd day of June, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge