# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERIC R. WISE,

        Plaintiff,

v.                                                      Case No. 07-C-1150

DAVID BETH, Kenosha County Sheriff,
CORPORAL KAISER, CORPORAL REID,
OFFICER "DEG", and "JAIL CAPTAIN",

        Defendants.

## ORDER

Plaintiff, Eric Wise, a prisoner currently confined at the Petersburg Federal Correctional Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated when he was confined in the Kenosha County Jail. By decision and order dated March 14, 2008, the court permitted plaintiff to proceed *in forma pauperis*. Currently before the court are the plaintiff's motions, filed October 27, 2008, to amend the complaint to name the two previously unnamed defendants and to compel discovery.

The defendants advised the court on November 11, 2008 that they have no objection to the plaintiff's request to identify defendant "Officer DEG" as Donna Gayhart and defendant "Jail Captain" as Gary Preston. Consequently, the complaint will be amended to name these previously unidentified defendants.

In his motion to compel discovery, the plaintiff includes a certification statement asserting that he "has, in good faith, conferred with the defendants,

through their attorney Julie Wilson, in an effort to obtain discovery without court action." The plaintiff does not, however, cite any specific efforts to confer with the defendants. In response, Attorney Wilson states that she received a proposed motion to compel from the plaintiff on October 3, 2008, and responded by letter on October 6, 2008, addressing the plaintiff's points and inviting him to clarify or narrow the information sought. Attorney Wilson states that she did not receive any reply from the plaintiff prior to his filing of the motion to compel on October 27, 2008. It appears that the plaintiff has failed to fully satisfy the conference requirement of Civil Local Rule 37.1:

> All motions for discovery . . . must be accompanied by a written statement by the movant that after personal consultation with the party adverse to the motion and after sincere attempts to resolve their differences, the parties are unable to reach an accord. The statement must also recite the date and time of such conference and the names of all parties participating in it."

Because the plaintiff neglected to specifically describe the efforts he made to confer with defense counsel, and because it appears that he has not made a sincere attempt to resolve their differences, his motion to compel discovery is denied. The court reminds all parties that they must make genuine efforts to resolve any discovery disputes through consultation prior to bringing any motions relating to discovery.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to compel discovery (Docket #38) is **DENIED** for failure to properly certify a good faith effort to confer with the defendants.

**IT IS FURTHER ORDERED** the plaintiff's motion to amend the complaint to name defendant "Officer DEG" (Docket # 39) is **GRANTED.** The clerk is directed to annotate the docket to reflect that defendant "Officer DEG" has been identified as Donna Gayhart.

**IT IS FURTHER ORDERED** the plaintiff's motion to amend the complaint to name defendant "Jail Captain" (Docket #40) is **GRANTED.** The clerk is directed to annotate the docket to reflect that defendant "Jail Captain" has been identified as Gary Preston.

Dated at Milwaukee, Wisconsin, this 21st day of November, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge