UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERIC R. WISE,

        Plaintiff,

v.                                                         Case No. 07-C-1150

DAVID BETH, Kenosha County Sheriff,
CORPORAL KAISER, CORPORAL REID,
DONNA GAYHART, and GARY PRESTON,

        Defendants.

## ORDER

The plaintiff, Eric Wise, who is currently incarcerated at the Petersburg Federal Correctional Institution, is proceeding *pro se* under 42 U.S.C. § 1983, claiming that his constitutional right of access to the courts was violated while he was confined in the Kenosha County Jail. The defendants have filed a motion for summary judgment, and the plaintiff has filed a cross-motion for summary judgment as well as a motion to deny summary judgment, and a motion for "leniency and liberal construction."

As an initial matter, the court notes that Wise's motion for "leniency and liberal construction" does not seek any specific relief. Rather, Wise reminds the court that he is proceeding *pro se*, and essentially asks the court to forgive any procedural defects in his filings. This motion is moot, as no defects have been identified requiring leniency. *See also Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("Although civil litigants who represent themselves ("pro se") benefit from various

procedural protections . . . pro se litigants are not entitled to a general dispensation from the rules of procedure.").

## MOTIONS FOR SUMMARY JUDGMENT

Summary judgment is required "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." *Id.* For the fact to be material, it must relate to a dispute that "might affect the outcome of the suit." *Id.*

Although summary judgment is a useful tool for isolating and terminating factually unsupported claims, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986), courts should act with caution in granting summary judgment, *Anderson*, 477 U.S. at 255. When the evidence presented shows a dispute over facts that might affect the outcome of the suit under governing law, summary judgment must be denied. *Id.* at 248.

The moving party bears the initial burden of demonstrating that he is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323. Where the moving party seeks summary judgment on the ground that there is an absence of evidence

to support the nonmoving party's case, the moving party may satisfy its initial burden simply by pointing out the absence of evidence. *Id.* at 325. Once the moving party's initial burden is met, the nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial. *Id.* at 323-24. Neither party may rest on mere allegations or denials in the pleadings, *Anderson*, 477 U.S. at 248, or upon conclusory statements in affidavits, *Palucki v. Sears, Roebuck & Co.*, 879 F.2d 1568, 1572 (1989). In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, it is "not required to draw every conceivable inference from the record – only those inferences that are reasonable." *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991).

## FACTS[1]

The plaintiff, Eric Wise, was confined at the Kenosha County Jail ("the Jail") from May 12, 2006, to September 15, 2006. Defendant David Beth is the Kenosha County Sheriff. The other defendants were employed at the Jail: Captain Gary Preston, Corporal James Kaiser, Corporal James Reid, and Officer Donna Gayhart.

Wise is proceeding on a claim that the defendants obstructed his access to

---

[1]This section is taken from the plaintiff's proposed findings of fact (PFOF), the plaintiff's verified amended complaint, the defendants' proposed finding of fact (DFOF), the parties' affidavits and other evidence filed in support of their proposed facts and responses thereto. Unless otherwise indicated, facts that do not comply with Federal Rule of Civil Procedure 56(e) are not included in this section. *See* Fed. R. Civ. P. 56(e) (Affidavits must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.).

-3-

the courts while he was in custody at the Jail.  Wise arrived at the Jail on or about May 12, 2006, and immediately "requested access to the law library and/or legal materials and/or legal computer," but his "frequent requests were all denied." (Amended Complaint [Am. Compl.] at 4).  Wise alleges that his "access to the courts was denied on or about 8/11/06, 6/3/06, 7/24/06, 7/27/06 by DEG [Donna Gayhart], 8/24/06 by Corporal Reid, and 8/25/06 by Corporal Kaiser," and that in addition to these dates of written denials "all requests were denied and . . . access to the courts obstructed for the duration of ... confinement."  (*Id.* at 4-5).  Wise also alleges that defendants Beth and Preston are "legally responsible for written or unwritten policies, customs, procedures, rules, etc. and the overall operation of the jail . . . ." (*Id.* at 2-3).

Wise asserts that the Jail had an "exact citation" system for legal assistance, which required the inmates to already have the case citation in order to obtain cases, and that he had no source to obtain citations in order to use the system.  (Plaintiff's Proposed Finding of Fact [PFOF] ¶16).  The defendants assert that inmates have access to copies of the Wisconsin Statutes and may also submit requests for case law and other materials, which jail staff members attempt to find for the inmates, even if the requests are vague or incomplete.  (Defendants' Proposed Finding of Fact [DFOF] ¶¶ 95-98; 146).

As a result of his lack of access to legal materials, Wise believes he suffered prejudice in four court cases.  (Am. Compl. at 5).  First, while at the Jail he was

"entirely unable to research and file" a habeas corpus petition for *USA v. Wise*. (*Id.* at 7). After he was transferred to another institution, he "made a hurried attempt but there was not enough time remaining" to do proper research and, as a result, two federal judges "rejected [his] rushed attempts." (*Id.*) Second, he was "hindered in researching matters for appeal" in *Texas v. Wise*, and "[a]s a result some issues may have been forfeited which should have been raised on appeal." (*Id.*) Third, he was "unable to research all matters" related to *Wisconsin v. Wise*, and "this led to an involuntary uninformed guilty plea" and "to the Wisconsin sentence being ran consecutively to the federal sentence." (*Id.*) Finally, Wise was delayed in filing this 42 U.S.C. § 1983 action. (*Id.*)

Wise had trial and appellate counsel for *USA v. Wise, Wisconsin v. Wise*, and *Texas v. Wise*. (DFOF ¶¶ 43, 63, 69). Wise believes that his counsel in these cases was ineffective. (Plaintiff's Response to DFOF ¶¶ 43, 63, 69). After his federal conviction was affirmed on appeal, Wise filed a motion for appointment of counsel for possible § 2255 relief on September 8, 2006, which United States District Judge Sam Cummings denied on September 15, 2006. (DFOF ¶¶ 42, 44, 46). Wise also filed a motion to compel discovery, which Judge Cummings denied on February 8, 2007. (DFOF ¶¶ 50, 54). On June 14, 2007, Wise filed a "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," which was dismissed without prejudice due to lack of jurisdiction by United States District Judge John Shabaz on June 19, 2007. (DFOF ¶¶ 55, 59).

Defendant Preston states that Wise did not file any inmate grievances or inmate appeals regarding denial of access to the courts. (Preston Affidavit, ¶ 19). Wise states that he filed numerous grievances regarding access to the courts, and also filed appeals which went unanswered. (Wise December Affidavit, ¶ 7).

**ANALYSIS**

The defendants argue that they are entitled to summary judgment because the plaintiff did not suffer prejudice in any of his cases. The defendants further argue that the plaintiff did not exhaust his administrative remedies before bringing suit; that defendants Sheriff Beth and Captain Preston were not personally involved; and that they are entitled to qualified immunity because none of them violated clearly established law.

Wise argues: that he exhausted all available administrative remedies; that his ineffective lawyers did not satisfy the defendants' obligation to provide him with access to the courts; that the defendants denied all of his frequent requests for legal access and information; and, that the Jail's policy of requiring exact citations from inmates in order to obtain legal materials was an unconstitutional "Catch-22" because he had no way to obtain the appropriate citations. Wise further contends that as a result of these problems: he pleaded guilty without being fully informed and received a consecutive rather than concurrent sentence in his Wisconsin case; forfeited certain unspecified issues and lost his appeal in his Texas case; had his

habeas application rejected due to technicalities in his federal case; and was delayed in filing this action.

## Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. 104-134, 110 Stat. 1321 (1996), provides that:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e)a. Exhaustion of administrative remedies is a condition precedent to suit. *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002). Section 1997e applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). One purpose of the exhaustion requirement is to allow prison officials time and opportunity to respond to complaints internally before an inmate initiates litigation. *Id.* at 524-25. To provide officials with sufficient notice, inmates must file grievances at the place and time and with the information required by the prison's administrative rules. *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002).

In this case, the defendants assert that Wise did not file any grievances regarding a denial of access to the courts. Wise, however, argues that his grievances were simply discarded by Jail staff. Wise avers that he submitted grievances and appeals concerning court access, according to the Jail's rules and

-7-

procedures, but did not receive responses. Given this dispute of material fact regarding whether Wise properly filed grievances regarding a denial of access to the courts, the court finds that the defendants have not met their burden of establishing that Wise failed to exhaust his administrative remedies. *See Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004) ("Failure to exhaust is an affirmative defense, and the defendants did not meet their burden of proving that [the plaintiff] had available remedies that he did not utilize."). Accordingly, the court will consider the merits of Wise's claim that he was denied access to the courts.[2]

**Access to the Courts**

Prisoners have a constitutional right of access to the courts, and prison officials must assure that their inmates have "meaningful access." *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). "[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis*, 518 U.S. at 351 (quoting *Bounds*, 430 U.S. at 825). Because the right is to access the courts rather than legal materials or law libraries, an inmate does not have a valid claim unless the conduct

---

[2] Under *Pavey v. Conley*, 544 F.3d 739 (7th Cir 2008), exhaustion is a threshold issue to be resolved before addressing the merits of the case. *Pavey* directs district judges to conduct a hearing on exhaustion and permit appropriate discovery related to exhaustion as a preliminary matter, with merits discovery proceeding only "[i]f and when the judge determines that the prisoner has properly exhausted his administrative remedies." 544 F.3d at 742. In this case, however, the defendants briefed exhaustion and the merits simultaneously, instead of seeking a threshold hearing on the contested issue of exhaustion. Rather than hearing testimony to evaluate the credibility of the parties' conflicting claims relevant to the issue of exhaustion, the court will evaluate the merits of the access to the courts claim, which is resolvable on the record already before the court.

-8-

of prison officials "prejudices a potentially meritorious challenge to his conviction, sentence, or conditions of confinement." *Marshall v. Knight*, 455 F.3d 965, 968 (7th Cir. 2006)*; see also Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) and *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009).

The Court of Appeals for the Seventh Circuit has examined the sufficiency of "exact cite" or "paging" systems on several occasions. These systems require inmates to file written requests accompanied by citations in order to obtain copies of cases or legal materials, and the Seventh Circuit has found them constitutionally inadequate unless the citation access system is supplemented by an adequate library which the prisoners can use to initiate their research. *See Corgain v. Miller*, 708 F.2d 1241 (7th Cir. 1983) (prison law library system where prisoners could obtain materials only by written requests with exact citations was constitutionally inadequate); *Campbell v. Miller* 787 F.2d 217 (7th Cir. 1986), *cert. denied*, 479 U.S. 1019 (1986) (modified exact cite system upheld for highest risk inmates in maximum security prison, where prisoners could use small library directly and also request up to two specific law books from the main library at a time); *Caldwell v. Miller*, 790 F.2d 589 (7th Cir. 1986) (summary judgment precluded by factual dispute regarding adequacy where main library access denied during lock down but inmates could use smaller "basic" libraries and request additional material by citation). The inadequacy of paging systems alone has been widely recognized in other circuits as well. *See Peterkin v. Jeffes*, 855 F.2d 1021, 1038 n.22 (3d Cir. 1988) ("[p]aging systems ... as

the sole legal assistance furnished to inmates, have been rejected consistently by other courts of appeals"); *Griffin v. Coughlin*, 743 F. Supp. 1006, 1024 (N.D.N.Y. 1990) (book request system for prisoners inadequate: "inmates are not able to browse through materials in order to compare legal theories and formulate ideas. This is a constitutionally impermissible situation . . . .").

The parties disagree as to whether "exact" citations are required when inmates request legal materials at the Kenosha County Jail, but they do agree that inmates must submit requests to obtain materials other than the Wisconsin Statutes. The defendants assert that inmates have access to copies of the statutes, while Wise maintains that only a few "obsolete" copies are available. Similarly, in *DeMallory v. Cullen*, 855 F.2d 442 (7th Cir. 1988), an inmate housed in the "Adjustment Center" had direct access only to an outdated set of statute books, and had to file written requests in order to check out legal volumes from the prison's main legal library. The court found this inadequate:

> DeMallory . . . had no access to law libraries – even "starter" or "basic" libraries. Unlike the control unit in *Campbell*, the Adjustment Center library lacked the primary resources to allow DeMallory or other inmates to adequately begin their initial legal research or to formulate tentative theories.

*Id.* at 447. Accordingly, qualified immunity would not protect the defendants if the legal assistance provided to unrepresented inmates is limited to a paging system. *See also Canell v. Bradshaw*, 840 F.Supp. 1382, 1389 (D. Or. 1993) ("By 1993, no reasonable public official would have believed a paging system was by itself

-10-

sufficient to protect an inmate's fundamental constitutional right of access to the courts.").

However, Wise cannot prevail merely by showing that the Jail's system is deficient. As the Supreme Court of the United States emphasized in *Lewis*, "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar" – rather he must "demonstrate that the alleged shortcomings . . . hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351. A prisoner's complaint must connect the alleged denial of access to the courts and "an actual injury in the form of interference with a nonfrivolous legal claim." *Bridges*, 557 F.3d at 553 (internal quotation omitted); *see also Ortiz*, 561 F.3d at 671. At the pleadings stage, it suffices to identify the lawsuits that were affected, without detailing "the precise causal connection between particular legal materials withheld and particular adverse rulings," but eventually, the plaintiff must "prove that because he lacked law books or briefs or other materials he lost one or more of these cases." *Pratt v. Tarr*, 464 F.3d 730, 733 (7th Cir. 2006). At summary judgment, the plaintiff must provide "information about how his progress on [actual or proposed cases] was hindered," and must provide a "basis to conclude that the issues he sought to raise . . . . were nonfrivolous." *Johnson v. Barczak*, 338 F.3d 771, 772 (7th Cir. 2003).

Wise claims that four of his lawsuits suffered due to his lack of access to legal materials while he was housed at the Jail. In two of those lawsuits, Wise had

-11-

attorneys, although he complains that they were ineffective. Specifically, Wise claims that he pleaded guilty without being fully informed and received a consecutive rather than concurrent sentence in his Wisconsin case. It is undisputed that he was represented by trial and appellate counsel in that matter. Wise also claims that he forfeited some issues and lost his appeal in his Texas case. It is also undisputed that Wise was represented by both trial and appellate counsel in that case. Inadequate legal libraries do not violate the constitutional rights of prisoners who are represented by attorneys, or prisoners who declined appointed counsel, as "access to legal materials is required only for unrepresented litigants." *Campbell v. Clarke*, 481 F.3d 967, 968 (7th Cir. 2007); *see also United States v. Byrd*, 208 F.3d 592, 593-94 (7th Cir. 2000) (inmate claimed that his standby counsel was a "potted plant," but the court held that "when a person is offered appointed counsel but chooses instead to represent himself, he does not have a right to access a law library . . . he has the right to legal help through appointed counsel, and when he declines that help, other legal rights, like access to a law library, do not spring up."). Thus, Wise cannot establish a violation of his right to access the courts in these two cases where he was represented by counsel, as inadequate legal libraries do not violate the constitutional rights of a prisoner who is represented by an attorney, no matter how dissatisfied the prisoner is with his counsel. *See Campbell*, 481 F.3d at 968, and *Byrd*, 208 F.3d at 593-94.

-12-

In his federal case, Wise also had trial and appellate counsel, but he was unrepresented in his attempts to seek post-conviction habeas relief. Counsel for the underlying conviction does not prevent Wise from bringing an access to the courts claim related to his habeas proceedings. *Cf. Ortiz*, 561 F.3d at 671 ("We agree that the assistance of counsel in his criminal case did not diminish his right to adequate legal resources for the purpose of pursuing his civil suit."). Wise contends that while in the Jail he was unable to conduct legal research, and that his habeas applications were rejected. Wise's *pro se* motions to appoint counsel for possible § 2255 relief and to compel discovery were denied by United States District Judge Sam Cummings, and Wise's § 2255 application was rejected without prejudice by United States District Judge John Shabaz due to improper jurisdiction. However, Wise fails to connect these adverse rulings to legal materials that were withheld from him, and does not provide evidence from which a fact-finder could determine that the denial of legal resources caused actual prejudice to his claims. Thus, Wise has failed to create the record required to survive summary judgment on an access to the courts claim. *See Pratt*, 464 F.3d at 733: "At some point in this suit, the plaintiff must prove that because he lacked law books or briefs or other materials he lost one or more of these cases."

Finally, Wise contends that the lack of legal resources at the Jail caused him to delay filing this lawsuit. However, delay of over a year does not constitute injury unless it causes "actual substantial prejudice to specific litigation." *Johnson*, 338

-13-

Case 2:07-cv-01150-JPS    Filed 09/15/09    Page 13 of 14    Document 79

F.3d at 773 (internal quotation omitted). Wise does not identify any substantial prejudice to this lawsuit, which he filed well within the six-year statute of limitations.

Accordingly,

**IT IS ORDERED** that the defendants' motion for summary judgment (Docket #48) be and the same is hereby **GRANTED**, and this action be and the same is hereby **DISMISSED** on its merits together with costs as taxed by the Clerk of the Court.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (Docket #59), motion to deny summary judgment (Docket #67), and motion for leniency and liberal construction (Docket #71) be and the same are hereby **DENIED**.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 15th day of September, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge